■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BERNI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered July 22, 1986, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial, viewed in the light most favorable to the People, was legally sufficient to establish the defendant's guilt of the crimes charged. Moreover, although the testimony of the prosecution witnesses on the identification issue contained some minor inconsistencies, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The eyewitness had an unobstructed view of the defendant for approximately 20 minutes while he was on her neighbor's roof carrying the stolen property.

The prosecutor's rhetoric during summation did not deny the defendant a fair trial. Any claims of error concerning statements involving the alleged improper bolstering of prosecution witnesses were not preserved for appellate review due to defense counsel's failure to object *(see, People v Howard,* 125 AD2d 408, 409, *lv denied* 69 NY2d 746). Furthermore, the prosecutor's comment about defense witnesses and the verdict to be rendered did not constitute undue prejudice. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.